TUAILEMAU TAVAI, Claimant

v.

SAMOA OSOIMALO, Objector/counter-claimant

In Re the Matai Title "LAULUSA" of the village of Utulei

High Court of American Samoa
Land and Titles Division

MT No. 05-93

June 27, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, LOGOAI, Associate Judge, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel:     For Petitioner, Gata Edwin Gurr
             For Objector, Asaua Fuimaono

Decision and Order:

On July 23, 1991, Tuailemau Tavai ("Tuailemau") offered for registration with the Territorial Registrar the matai title "Laulusa" of Gataivai, Utulei.[1] On September 17, 1991, Samoa Osoimalo ("Samoa") filed his objection to the offer and asserted his own counter-claim to succession. Subsequent attempts to resolve the matter before the Office of Samoan Affairs proved unsuccessful. On March 10, 1993, the Secretary of Samoan Affairs certified the dispute as "irreconcilable" and referred the matter for resolution to the Lands & Titles Division.

On the evidence received, the court makes the following findings and conclusions on the four criteria set out in A.S.C.A. § 1.0409(c):

---

[1] Unless we are missing something, the petition of Tuailemau, as referred to the court, does not seem to contain the requisite twenty five (25) supporting family signatories as prescribed by A.S.C.A. § 1.0405(b). Because no issue has been taken with this seeming omission, we presume that the petition, as presented to the Territorial Registrar, would not have been accepted for filing by the Registrar if the same was not in accordance with statutorily mandated procedure. *See* A.S.C.A. §§ 1.0405(c) and 1.0406.

## 1. Hereditary Right

We find that both candidates are blood related to the Laulusa title. Regardless of whether we employ the traditional manner of assessing blood right, direct descent to the nearest titleholder, or the Sotoa formulation, direct descent to the original titleholder, using candidate Samoa's version of family history as to the original Laulusa, we find Tuailemau's bloodline is closer connected to the title. Tuailemau prevails on this consideration.

## 2. Wish of the Clans

The testimony on the issue of clans was thoroughly conflicting. Tuailemau testified that the family had nine traditional clans, while Samoa's evidence pointed to either four or five customary clans within the family. Added to this confusion of positions on family custom, High Chief Atiumaletavai testified that while there are four clans of the family, the Atiumaletavai titleholder has traditionally held the power of appointment to the Laulusa titleholder. Be that as it may, the court need not at this time sort out the conflicting positions taken by the witnesses for the simple reason that evidence pointed to the absence of a family decision--whether family decision making be defined in terms of clan preference, as contemplated by statute, or Atiumaletavai's claimed power of appointment--on the appointment of a successor matai. Rather, we find on the evidence that the only attempt at family resolution was a meeting which terminated abruptly in a fist fight between Tuailemau and one of his immediate relatives. We find that no one prevails on this issue.

## 3. Forcefulness, Character and Personality, and Knowledge of Samoan Customs

In our evaluation of the parties, we find from our observation of the candidates and from our review of personal background and achievements, that Samoa prevails on the issue of forcefulness, character and personalty, with neither candidate surpassing the other on the consideration of knowledge of Samoan customs.

In terms of personal achievement, both candidates now enjoy retirement incomes from the American Samoa Government. Tuailemau has faithfully served the government for many years in various janitorial roles, earning his retirement in 1992. Samoa retired one year earlier, after 30 years of

service with the government's motor pool division. Samoa's choice of occupation, however, has provided him with relatively more in-service training opportunities than has been afforded Tuailemau with his choice of work. At the same time, Samoa was, subsequent to retirement, appointed by Governor A.P. Lutali to the position of pulenu`u for Utulei and Gataivai, which position he has creditably held since January 1, 1993. The Governor, in making his selection of pulenu`u, is statutorily directed to consider, among other things, the views of the village council. *See* A.S.C.A. § 5.0301. Samoa's appointment to pulenu`u reflects the regard he enjoys within the village council. Finally, Samoa's service to the village through the Congregational Christian Church at Gataivai culminated in his ordination as deacon on January 4, 1968. He has similarly rendered service to the Church at Gataivai for almost 30 years. We find that Samoa's achievements by comparison speak a little more strongly for him in terms of forcefulness, character traits and personality.

4. Value to Family, Village, and Country

We find that both claimants have responsibly rendered *tautua*, traditional service, to past matai and family. Samoa, however, impresses us as having the better rapport with family and village, as well as with High Chief Atiumaletavai. The latter testified that Tuailemau's coming to blows with his own kinsman was precipitated by the former's display of haughtiness before the assembled family. Tuailemau having thus demonstrated that he and his own immediate side the family are unable to get along, it goes without saying that his leadership potential within the Laulusa extended family remains very questionable. Additionally, Samoa, as alluded to above, has been more actively involved with village concerns not only through his service to the Church at Gataivai, but through his pulenu`u duties to liaise between the village and government. Finally, in terms of value to the government, Samoa not only has the stronger background in training and work experience, he also continues to enjoy the confidence of the government in his being appointed pulenu`u.

We rate Samoa ahead of Tuailemau on this last criterion and accordingly find him better suited in terms of value to family, village, and country.

## CONCLUSION & ORDER

Based on the foregoing, we hold that Samoa is qualified to hold the matai title Laulusa. Although Tuailemau prevails on the consideration of blood, Samoa prevails on the third and fourth criteria, with neither able to claim the weight of clan support. The Territorial Registrar shall accordingly

129

register the Laulusa title of Utulei in candidate Samoa Osoimalo, in accordance with the requirements of A.S.C.A. § 1.0409(b). Judgment will enter accordingly.

It is so ordered.